UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. ZWEBNER, UNIVERSAL COMMUNICATIONS SYSTEMS, INC. and AIRWATER CORP., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES W. COUGHLIN a/k/a IRISHJIM44 and DOES 1-25, <br><br> Defendants. | Civil No. 05CV1263 JAH(AJB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS ON APPEAL [Doc. No. 55]** |

## INTRODUCTION

Now before the court is a motion for attorney's fees and costs on appeal filed by defendant James W. Coughlin ("defendant."). Plaintiffs Michael J. Zwebner, Universal Communications Systems, Inc., and the Airwater Corporation ("plaintiffs") have not filed any opposition.[1] After a thorough review of the pleadings and relevant exhibits submitted by the defendant, and for the reasons set forth below, this court GRANTS defendant's motion for attorney's fees and costs on appeal.

## BACKGROUND

Plaintiffs, on June 21, 2005, filed a complaint against defendant seeking damages for

---

[1] The plaintiffs were required to file an opposition before January 7, 2008, but failed to do so. Although the Court addresses the merits of the motion, local rules permit the Court to treat plaintiffs' failure to oppose a motion as consent to the granting of the motion. See CivLR 7.1.f.3.

defamation and intentional infliction of emotional distress. In their complaint, plaintiffs allege that defendant posted messages on internet sites which "contained falsehoods, lies, and innuendoes." Compl. ¶10. On July 15, 2005, defendant filed a Special Motion to Strike plaintiffs' Complaint pursuant to provisions set forth in California Code of Civil Procedure section 425.16.[2] On October 12, 2005, the Court granted defendant's Special Motion to Strike. On January 25, 2006, the Court granted defendant's motion for recovery of attorneys' fees in full, and awarded him $39,754.16 in attorneys' fees and costs pursuant to Section 425.16(c).

On November 10, 2005, Plaintiffs appealed the District Court's Order granting defendant's Special Motion to Strike and award of attorneys' fees. The Ninth Circuit Court of Appeals affirmed both orders and remanded the case for consideration of the defendant's request for attorney's fees and expenses in connection with the appeal. The defendant filed his motion for attorneys' fees and costs on appeal on December 17, 2007, and requests $31,391.91[3].

## DISCUSSION

Defendant seeks reimbursement of all fees and costs incurred in his defense of the two appeals under Section 425.16(c). Section 425.16(c) does not expressly authorize awarding fees incurred as a result of an appeal. However, "a statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise." Dove Audio v. Rosenfeld, 47 Cal. App. 4th 777, 785 (1996) (citing Evans v. Unkow 38 Cal App. 4th 1490, 1499 (1995)). Section 425.16(c) provides that a prevailing defendant in a special motion to strike "shall be entitled to recover his or her attorney's fees and costs." The statute does not preclude recovery of appellate attorney fees by a prevailing defendant, hence they are rewardable. See Evans 38 Cal. App. 4th 1999.

"A prevailing defendant is entitled to reasonable attorney fees which will adequately

---

[2]Section 425.16 is also known as the "anti-SLAPP" statute.

[3]The total amount includes $29,451.50 in attorney fees and $1,934.41 in costs. See defendant's motion; Supplemental Declaration of Edward Patrick Swan, Jr. (Doc. No. 56).

compensate the defendant for the expense of responding to a baseless lawsuit." See Dove 47 Cal. App. 4th 785 (citing Robertson v. Rodriguez 36 Cal. App. 4th 347, 362 (1996)). The defendant is requesting $31,391.91 in attorneys' fees and costs in connection with his defense at the appellate level. Included in the award is reimbursement for time reasonably spent by counsel in establishing the fee award. "Time spent by counsel in establishing the right to a fee award is compensable." See David v. City and County of San Francisco, 976. F.2d 1536, 1544 (9th Cir 1992)   This court has reviewed the declaration and exhibits filed in support of defendant's motion for attorney fees and costs on appeal and finds that $31,391.91 for fees and costs is reasonable.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

    1. Defendant's motion for attorneys' fees and costs is **GRANTED**; and

    2. Defendant is awarded attorneys' fees and costs in the total amount of $31,391.91.

DATED: May 15, 2008

_____
JOHN A. HOUSTON
United States District Judge